UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW PETER RASMUSSEN III,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JASON RICHARDS *et al.*,<br><br>　　　　　　　Defendants. | Case No.  C07-5219RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**SEPTEMBER 7, 2007** |

　　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The two defendants named as John Does, the Superintendent of the Stafford Creek Corrections Center and the Superintendent of the Larch Corrections Center have filed a motion to dismiss (Dkt. # 19).  The defendants identify themselves as Belinda Stewart, current Superintendent of the Stafford Creek Corrections Center and Patricia Gorman, current Superintendent of the Larch Correction Center (Dkt. # 19).  They argue they should be dismissed then from this action for five reasons:

　　　　1.　　　　Failure to exhaust administrative remedies.

　　　　2.　　　　The Statute of Limitations.

　　　　3.　　　　Failure to state a claim.

　　　　4.　　　　Lack of personal participation.

REPORT AND RECOMMENDATION
Page - 1

5. Qualified immunity.

(Dkt. # 19).

The time for filing a response to the motion has past and plaintiff did not file a responsive pleading. The matter is now ripe for review.

## FACTS

These facts come directly from the complaint filed in this case (Dkt. # 6). According to plaintiff he pled guilty to charges in Grays Harbor County in 2000. The prosecutor in the case was Jason Richards. The plea agreement called for a sentence request in the standard range, 22 to 29 months. One week later at sentencing Mr. Richards allegedly asked for consecutive sentences. Plaintiff appealed his sentence. Two years later, when the sentence was overturned, he was immediately released. Plaintiff also alleges he was held past his earned yearly release date at Stafford Creek and at Larch after he had explained the circumstances of his sentencing (Dkt. # 6).

## STANDARD OF REVIEW

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983), <u>citing</u>; <u>Conley v. Gibson</u>, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983).

## DISCUSSION

A. <u>Failure to exhaust administrative remedies.</u>

On January 7, 2003, plaintiff filed a grievance regarding his sentence while he was incarcerated (Dkt. # 19, Exhibit 1, Attachment A). He was told the issue was not grievable. Plaintiff did not appeal that decision or pursue any further administrative remedy. The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

1     until such administrative remedies as are available are exhausted.

2 42 U.S.C. § 1997e(a).

3     Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

    Here, plaintiff was told he could not file a grievance regarding his sentence. While he did not appeal that decision the court should decline to dismiss the action based on failure to exhaust. Plaintiff was informed the grievance system was not available as a mechanism for challenging his sentence.

    2.    <u>The statute of limitations</u>.

    42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations. The statute of limitations from the state cause of action most like a civil rights act is used. Usually this is a states personal injury statute. In Washington a plaintiff has three years to file an action. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). Plaintiff alleges he pled guilty in 2000. He alleges he was sentenced one week later. He also alleges it took two years to have his sentence overturned.

    Giving plaintiff every benefit, the latest date he could have pled guilty would have been in late December of 2000. He would then have been sentenced in early January of 2001. Plaintiff states it took two years to overturn his sentence. Thus, the sentence would have been overturned sometime in 2003. This interpretation of the facts is consistent with plaintiff's attempt to file a grievance in January of 2003 (Dkt. # 19, Exhibit 1, Attachment A).

    At the latest plaintiff would have had until 2006 to file his action. This action was not commenced until May of 2007. The action appears to be time barred. Plaintiff has not responded to the motion to dismiss. Failure to respond to the motion may be taken by the court as an indication that the motion has merit. See,

REPORT AND RECOMMENDATION
Page - 3

1  Local Rule 7 (b)(2).  Plaintiff's failure to give exact dates and his failure to respond or oppose the motion to
2  dismiss militates toward granting defendants motion to dismiss.  The motion should be **GRANTED** and this
3  action dismissed.
4        3.        Failure to state a claim.
5     The Defendants argue "[i]t is not clear what constitutional right the Plaintiff believes the Defendants
6  violated.  He does not state with any specificity what rights were violated. Docket no. 6.  He has failed to state a
7  claim under the constitution and his complaint should be dismissed."  (Dkt. # 19, page 7).
8        This court must liberally construe a pro se litigants pleadings.  Pena v. Gardner, 976 F.2d 469 (9th Cir.
9  1992).  Plaintiff alleges he was held past his Earned Early Release Date. Plaintiff has a liberty interest under the
10 Fourteenth Amendment of the United States Constitution in being released on this date.  While the lack of
11 specificity in this case may support a motion for a more definite statement, it does not support dismissal as a
12 court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) only if it appears beyond doubt that
13 the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.  Keniston
14 v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957).
15       4.        Personal Participation.
16     Plaintiff must allege facts showing how individually named defendants caused or personally
17 participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
18 1981).   A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own
19 conduct violated the plaintiff's civil rights.  City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).  A
20 supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the
21 constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct
22 and the constitutional violation."  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991),
23 *cert. denied* 502 U.S. 1074 (1992).
24     Plaintiff provides no information showing that either defendant Stewart or Gorman played any part
25 in a decision to hold the plaintiff in prison.  The named defendants would not be liable for the acts of their
26 subordinates or for enforcement of a sentence that was valid on its face.  Defendant's motion to dismiss
27 should be **GRANTED.**
28       5.        Qualified immunity.

REPORT AND RECOMMENDATION
Page - 4

1  Defendants are entitled to qualified immunity from damages for civil liability as long as their
2  conduct does not violate clearly established statutory or constitutional rights of which a reasonable person
3  would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The existence of qualified immunity
4  generally turns on the objective reasonableness of the actions, without regard to the knowledge or
5  subjective intent of the particular official. Id. at 819.

6  To be clearly established, the law must be sufficiently clear that a reasonable official would
7  understand that his or her action violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987).
8  The court should look to whatever decisional law is available to determine whether the law was clearly
9  established at the time the alleged acts occurred. Capoeman v. Reed, 754 F.2d 1512, 1514 (9th Cir. 1985).
10 In analyzing a qualified immunity defense, the Court must determine: (1) what right has been violated; (2)
11 whether that right was so "clearly established" at the time of the incident that a reasonable officer would
12 have been aware of its constitutionality; and (3) whether a reasonable public officer could have believed
13 that the alleged conduct was lawful. See Gabbert v. Conn, 131 F.3d 793, 799 (9th Cir.1997); Newell v.
14 Sauser, 79 F.3d 115, 117 (9th Cir.1996).

15 Here, plaintiff was sentenced by a court to "60 plus" months incarceration by the Grays Harbor
16 Superior Court. (Dkt. # 6). Defendants Stewart and Gorman had a duty to hold plaintiff pursuant to that
17 sentence and consider the sentence valid until it was overturned by a court of competent jurisdiction.
18 Here, plaintiff's sentence was later invalidated by the court, however, the court does not hold defendants to
19 a standard where they must guess as to future court rulings. These defendants are entitled to qualified
20 immunity from damages. The motion to dismiss should be **GRANTED.**

21 CONCLUSION

22 This action appears time barred and plaintiff did not respond to the motion to dismiss on this
23 ground. Further, the two named defendants who have moved for dismissal are entitled to dismissal for lack
24 of personal participation and because they are entitled to qualified immunity. Defendants Stewart and
25 Gorman should be **DISMISSED WITH PREJUDICE**.

26 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
27 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ.
28 P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v

Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 7, 2007**, as noted in the caption.

DATED this 16 day of August, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge