UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW PETER RASMUSSEN III,<br><br>Plaintiff,<br><br>v.<br><br>JASON RICHARDS,<br><br>Defendant. | Case No.  C07-5219RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**NOVEMBER 16, 2007** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The only remaining defendant in this action, Jason Richards, has filed a motion to dismiss (Dkt. # 27). The defendant raises two affirmative defenses, prosecutorial immunity and the statute of limitations.

The court has previously found the case time barred as to defendants Stewart and Gorman who were named as John or Jane Does (Dkt. # 22, 24, and 26).  Defendants Stewart and Gorman were dismissed with prejudice (Dkt # 26).  In response to defendant Richard's motion plaintiff has filed a motion for summary judgment against defendants Richards, Stewart, and Gorman (Dkt. # 29).

REPORT AND RECOMMENDATION
Page - 1

## FACTS

These facts are taken from the complaint (Dkt # 6). In 2000, plaintiff entered into a plea agreement on three felony charges. Under the terms of the agreement the prosecutor was to recommend a standard range sentence of between 22 and 29 months. The prosecutor on the case was Jason Richards. At sentencing Mr. Richards did ask for a standard range on each conviction, but, he asked for consecutive sentences.

Plaintiff was sentenced to 62 and one half months. On appeal the sentences were reversed and plaintiff was re sentenced. With credit for time served the re-sentencing resulted in plaintiff being released.

This action followed. Plaintiff names Mr. Richards, and the superintendents of two facilities where he served time.

## STANDARD OF REVIEW

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

## DISCUSSION

A.   Prosecutorial immunity.

A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages under 42 U.S.C. S 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies only when the challenged activity is intimately associated with the judicial phase of the criminal process. Id. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). A prosecutor's activities in connection with the preparation and filing of charges are protected by absolute immunity. Kalina v. Fletcher, 118 S.Ct. 502, 509 (1997). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. Ashelman, 793 F.2d at 1072. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. Miller v. Barilla, 549 F.2d 648, 649 n. 3 (9th Cir.

1    1977).

2         Defendant Richards has raised this affirmative defense and is entitled to dismissal of this action as he is
3    immune from suit.  Defendant's motion should be **GRANTED** and this action **DISMISSED WITH**
4    **PREJUDICE.**

5         B.     <u>Statute of Limitations</u>.

6         42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations.  The statute of
7    limitations from the state cause of action most like a civil rights act is used.  Usually this is a states personal
8    injury statute.  In Washington a plaintiff has three years to file an action.  <u>Rose v. Rinaldi</u>, 654 F.2d 546
9    (9th Cir 1981).  Plaintiff alleges he pled guilty in 2000.  He alleges he was sentenced one week later. He also
10   alleges it took two years to have his sentence overturned.

11        Giving plaintiff every benefit, the latest date he could have pled guilty would have been in late
12   December of 2000.  He would then have been sentenced in early January of 2001.  Plaintiff states it took two
13   years to overturn his sentence.  Thus, the sentence would have been overturned sometime in 2003.  This
14   interpretation of the facts is consistent with plaintiff's attempt to file a grievance in January of 2003 (Dkt. # 19,
15   Exhibit 1, Attachment A).

16        At the latest plaintiff would have had until 2006 to file his action.  This action was not commenced until
17   May of 2007.  The action appears to be time barred.  Plaintiff has not responded to the motion to dismiss.
18   Failure to respond to the motion may be taken by the court as an indication that the motion has merit.  <u>See</u>,
19   Local Rule 7 (b)(2).  Plaintiff's failure to give exact dates and his failure to respond or oppose the motion to
20   dismiss militates toward granting defendants motion to dismiss.  The motion should be **GRANTED** and this
21   action dismissed.

22        Having reached this conclusion the court does not address plaintiff's motion for summary
23   judgment.

24   <center>CONCLUSION</center>

25        This action is time barred and the only remaining defendant is entitled to prosecutorial immunity.
26   Defendants Richards should be **DISMISSED WITH PREJUDICE**.  Plaintiff's motion for summary
27   judgment should be **DENIED,** as all defendants have been dismissed.  This action should also be dismissed
28   as there is no remaining defendant.

REPORT AND RECOMMENDATION
Page - 3

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 16, 2007**, as noted in the caption.

DATED this 22 day of October, 2007.

<div style="text-align:center">
<u>/S/ *J. Kelley Arnold*</u><br>
J. Kelley Arnold<br>
United States Magistrate Judge
</div>

REPORT AND RECOMMENDATION
Page - 4